# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-0002V

|  |  |
|---|---|
| CECILIA DE LEON,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 22, 2024 |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On January 2, 2019, Cecilia de Leon filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine administered to her on January 20, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 29, 2022, a ruling on entitlement was issued finding Petitioner entitled to compensation. On January 19, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded the following:

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

A. **Pain and Suffering**: $81,500.00, to Petitioner in actual pain and suffering.

B. **Past Unreimbursable Expenses to Petitioner and Avant Surgery Center, LLC**: Respondent proffers that Petitioner should be awarded past unreimbursable expenses in the amount of $28,482.60 for services provided by Avant Surgery Center, LLC.

C. **Past Unreimbursable Expenses to Petitioner and Dacoma Anesthesia** Respondent proffers that Petitioner should be awarded past unreimbursable expenses in the amount of $4,118.00 for services provided by Dacoma Anesthesia.

D. **Past Unreimbursable Expenses to Petitioner and Magna Surgery Center:** Respondent proffers that Petitioner should be awarded past unreimbursable expenses in the amount of $25,317.87 for services provided by Magna Surgery Center.

E. **Past Unreimbursable Expenses to Petitioner and Veritas Pain Management**: Respondent proffers that Petitioner should be awarded past unreimbursable expenses in the amount of $11,783.94 for services provided by Veritas Pain Management.

Proffer at 1-3. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

A. A lump sum payment of **$81,500.00, in the form of a check payable to Petitioner;**

B. A lump sum payment of **$28,482.60, in the form of check made payable jointly to Petitioner, Cecilia de Leon and Avant Surgery Center, LLC;**

C. A lump sum payment of **$4,118.00, in the form of a check made payable jointly to Petitioner, Cecilia de Leon and Dacoma Anesthesia;**

D. A lump sum payment of **$25,317.87, in the form of a check made payable jointly to Petitioner, Cecilia de Leon and Magna Surgery Center, and**

E. A lump sum payment of **$11,783.94, in the form of a check made payable jointly to Petitioner, Cecilia de Leon and Veritas Pain Management;**

These amounts represent compensation for all damages that would be available under Section 15(a). The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CECILIA DE LEON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND HUMAN ) <br> SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 19-2V <br> Chief Special Master Corcoran <br> ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 2, 2019, Cecilia de Leon ("petitioner") filed a petition under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine administered on January 20, 2016. Petition at 1.

On January 6, 2020, respondent filed his Rule 4(c) Report, recommending that entitlement to compensation be denied and that the petition be dismissed because petitioner's onset of left shoulder pain was not clearly within 48 hours of vaccination. ECF No. 29. On March 30, 2021, the Chief Special Master ordered petitioner to file a motion for a fact ruling. ECF No. 35. On June 28, 2021, petitioner filed a motion for a ruling on the record. ECF No. 37. Respondent filed a response on July 28, 2021. ECF No. 38. On June 30, 2022, the Chief Special Master found "that Petitioner's left shoulder pain likely began within the 48-hour timeframe for the Table claim." Findings of Fact, ECF No. 39 at 2, 9.

On August 29, 2022, respondent filed an Amended Vaccine Rule 4(c) Report advising that, in light of Chief Special Master Corcoran's factual finding that the onset of symptoms took place within 48 hours is the law of the case and the medical evidence submitted in this case, respondent did not dispute that petitioner had satisfied all legal prerequisites for compensation under the Vaccine Act.  ECF No. 42 at 2, 7-8.  The same day, Chief Special Master Corcoran entered a Ruling on Entitlement, finding petitioner entitled to Vaccine Act compensation for her Table SIRVA injury.  ECF No. 44.  Respondent now proffers that petitioner receive an award as follows:

**I.      Items of Compensation**

      A.      Pain and Suffering

Respondent now proffers that, based on the Chief Special Master's entitlement decision and the evidence of record, Cecilia de Leon should be awarded $81,500.00 in actual pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

      B.      Past Unreimbursable Expenses to Petitioner and Avant Surgery Center, LLC

Evidence supplied by petitioner documents outstanding charges for services provided by Avant Surgery Center, LLC related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $28,482.60 for services provided by Avant Surgery Center, LLC.  Petitioner agrees.

      C.      Past Unreimbursable Expenses to Petitioner and Dacoma Anesthesia

Evidence supplied by petitioner documents outstanding charges for services provided by Dacoma Anesthesia related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $4,118.00 for services provided by Dacoma Anesthesia.  Petitioner agrees.

D. <u>Past Unreimbursable Expenses to Petitioner and Magna Surgery Center</u>

Evidence supplied by petitioner documents outstanding charges for services provided by Magna Surgery Center related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $25,317.87 for services provided by Magna Surgery Center. Petitioner agrees.

E. <u>Past Unreimbursable Expenses to Petitioner and Veritas Pain Management</u>

Evidence supplied by petitioner documents outstanding charges for services provided by Veritas Pain Management related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $11,783.94 for services provided by Veritas Pain Management. Petitioner agrees.[1]

## II. **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to Cecilia de Leon should be made through lump sum payments as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]:

A. A lump sum payment of $81,500.00, representing compensation for pain and suffering, in the form of a check payable to petitioner, Cecilia de Leon.

---

[1] The parties have no objection to the amount of the proffered award of damages. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's August 29, 2022 entitlement ruling and underlying factual findings issued on June 30, 2022.

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

3

B. A lump sum payment of $28,482.60, representing compensation for unreimbursable medical expenses for services provided by Avant Surgery Center, LLC, in the form of a check jointly payable to petitioner, Cecilia de Leon, and Avant Surgery Center, LLC. Petitioner agrees to endorse this payment to Avant Surgery Center, LLC, and forward the check to P.O. Box 20029, Sugar Land, TX 77496.

C. A lump sum payment of $4,118.00, representing compensation for unreimbursable medical expenses for services rendered by Dacoma Anesthesia, in the form of a check jointly payable to petitioner, Cecilia de Leon, and Dacoma Anesthesia.  Petitioner agrees to endorse this payment to Dacoma Anesthesia, and forward the check to P.O. Box 17179, Sugar Land, TX 77496.

D. A lump sum payment of $25,317.87, representing compensation for unreimbursable medical expenses for services provided by Magna Surgery Center, in the form of a check jointly payable to petitioner, Cecilia de Leon, and Magna Surgery Center.  Petitioner agrees to endorse this payment to Magna Surgery Center, and forward the check to 3726 Dacoma Street, Houston, TX 77092.

E. A lump sum payment of $11,783.94, representing compensation for unreimbursable medical expenses for services provided by Veritas Pain Management, in the form of a check jointly payable to petitioner, Cecilia de Leon, and Veritas Pain Management. Petitioner agrees to endorse this payment to Veritas Pain Management, and forward the check to P.O. Box 17479, Sugar Land, TX 77496.

**III.    Summary of Recommended Payments Following Judgment**

    A.    Lump Sum paid to petitioner, Cecilia de Leon:  **$81,500.00**

    B.    Lump Sum paid jointly to petitioner, Cecilia de Leon, and Avant Surgery Center, LLC:  **$28,482.60**

4

|   |   |   |
|---|---|---|
| C. | Lump Sum paid jointly to petitioner, Cecilia de Leon, and Dacoma Anesthesia: | **$4,118.00** |
| D. | Lump Sum paid jointly to petitioner, Cecilia de Leon, and Magna Surgery Center: | **$25,317.87** |
| E. | Lump Sum paid jointly to petitioner, Cecilia de Leon, and Veritas Pain Management: | **$11,783.94** |

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

s/ Sarah C. Duncan
SARAH C. DUNCAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 514-9729
Email: sarah.c.duncan@usdoj.gov

DATED: January 19, 2024